122    SUPREME COURT OF OHIO.

Philips *v.* The State, ex rel. Harter and wife.

HENRY PHILIPS *v.* THE STATE OF OHIO, EX REL. HENRY H.
HARTER AND HIS WIFE SARAH HARTER.

The power of proceeding by citation or attachment against an administrator
or executor, for neglect to file his settlement accounts, is a necessary *inci-
dent* to the proper exercise of the jurisdiction of a court of probate.

And such proceeding is barred by *such* lapse of time, after the default of an
administrator to file his settlement accounts, as would be sufficient to bar
an action on the administration bond.

The rule, that a technical or direct trust is not barred by lapse of time, is sub-
ject to several important qualifications, one of which arises, where circum-
stances exist calculated to raise a presumption, from lapse of time, of a dis-
charge or extinguishment of the trust.

THIS is a writ of error to reverse the judgment of the Court of
Common Pleas of Preble county, reserved in the District Court
for decision here.

The original proceeding was a citation issued at the instance
of the relators, against the plaintiff in error, by the probate court
of Preble county, March 1, 1852, calling upon the plaintiff in
error, as surviving administrator of the estate of Hezekiah Phil-
ips, deceased, to show cause why he had neglected to make set-
tlement of his administration of said estate. To this citation
the plaintiff in error filed an answer, denying the right of the
relators to call upon him for a settlement of his administration of
said estate or to show cause why his settlement ·accounts had
not been filed, upon the following grounds, to wit: 1st. That the
letters of administration on said estate were issued to him and
his brother David Philips, (now deceased,) on the 25th day of
August, 1813, more than thirty-eight years ago; and about
thirty-eight years since, by the conditions of the administration
bond, settlement of the administration was required, and more
than twenty-one years since the relator, Sarah Harter, in whose
right the proceedings were instituted, became of age, and the
right of action, if any ever existed, had accrued to her. 2d.
That the administration of said estate was closed and settled in
a manner satisfactory to all parties interested, and had been

Philips *v.* The State, ex rel. Harter and wife.

acquiesced in up to the time of the issuing of this citation. 3d. That the letters of administration were issued under the administration law of 1810, and that there existed no law authorizing the proceeding by citation; and that the only proceedings authorized under that administration law, were, suit upon the administration bond, and motion for the removal of the administrator. The relators excepted to the sufficiency of the answer. And the probate court, after a hearing, dismissed the cause at the costs of the relators. The cause having been taken to the common pleas on certiorari, that court reversed the judgment of the probate court. And this proceeding in error is prosecuted to reverse the judgment of reversal. The assignments of error are all predicated on the sufficiency of the defense set up in the answer of the plaintiff in error, filed in the probate court.

*Chadwick & Drazer,* for plaintiff in error.

*Hubbard & Foos,* for defendants in error.

BARTLEY, J.   The power of proceeding by citation or attachment against an administrator or executor, for neglect to file his settlement accounts as required by law, is a necessary incident to the proper exercise of the jurisdiction of a probate court; and the statutory provision, in the present administration laws of the State, expressly authorizing such proceedings, is only in affirmance of that incidental power essential to enable a probate court to control and direct the settlement of the estates of deceased persons.

And although such proceeding by citation or attachment, is not an action at law within the purview of the statute of limitations, but a simple proceeding in the court of probate, usually preparatory to the commencement of a suit on the administration bond; yet the lapse of time, after the default of an administrator in filing his settlement accounts, which is sufficient to bar an action on the administration bond, or to amount to a defense against a proceeding in equity for a discovery and account, will

constitute a sufficient defense against any such proceeding by citation or attachment.

True it is, that the doctrine, that a technical or direct trust is not barred by lapse of time, is usually recognized, yet it is subject to the following important qualifications, namely : That this rule in equity is dispensed with, except in cases of fraud and concealment ; first, where there is a remedy by action at law to which a limitation is expressly fixed ; second, where an open denial or repudiation of the trust is brought home to the knowledge of the parties in interest, which requires them to act as upon an asserted adverse title ; and third, where circumstances exist calculated to raise a presumption, from lapse of time, of a discharge or extinguishment of the trust. And the defense set up in the answer to the citation in the probate court, in the case before us, clearly falls within the latter qualification of the rule.

*Judgment of the Common Pleas reversed.*