Robinson, J.
The question here for determination is, when, if at all, the right of a ward to require his guardian to file an account is barred by lapse of time.
By Section 10933, General Code, it is made the duty of the guardian “at the expiration of his trust, fully to account for and pay over to the proper person all of the estate of his ward in his hands.”
In this case both of the wards became of age more than ten years prior to the commencement of proceedings of any kind to require the guardian to file an account.
By Section 10939, General Code, the machinery is provided for the enforcement of such account and settlement, and it is made the duty of the court, either upon his own initiative or on complaint, to require the same, and while the duty devolves upon the court, without complaint, to enforce the observance of his trust by the trustee, yet the ward is not left without a remedy in case the court is remiss in the administration of his office, for in the same section provision is made for a complaint *45 by which the processes of the court may be put in operation.
The legislature, having provided that upon the termination of the trust the guardian shall make final settlement, and having provided that the court shall upon its own motion enforce such settlement, and also having provided for a complaint in case both the guardian and the court were derelict in the performance of their respective duties, seems to have assumed that it had covered the field and that at least one of the three would initiate the proceeding which would result in a filing and settling of an account. It seems never to have contemplated any other situation than that at the initiative either of the guardian, the court, or the ward, the filing and settlement of the account would be secured at the termination of the trust. But with reference to the bondsmen of the guardian it enacted Section 11226, General Code: “An action on the official bond, or undertaking of an officer, assignee, trustee, executor, administrator, or guardian, or on a bond or undertaking given in pursuance of statute, shall be brought within ten years after the cause thereof accrued.”
Since there is no reference here, nor elsewhere, to a limitation of time within which a trustee may be cited to file' an account, and since this court in the case of Newton v. Hammond, 38 Ohio St., 430, has held that an action upon a guardian’s bond does not accrue so as to start the running of the statute of limitations in that behalf until an account is filed and settled, and since a citation is not an action within the contemplation of the *46 statute, it seems entirely logical that no limitation of time within which a citation may issue to require a guardian to file an account was intended or contemplated; and while this court has held in the case of Philips v. State, ex rel. Harter et. al., 5 Ohio St., 122, that the limitation of ten years within which an action may be brought on an administrator’s bond applies by analogy to a citation to an administrator to file an account, in view of its holding in Newton v. Hammond, supra, the analogy seems no longer to exist.
There is neither reason nor justice in a doctrine which would start the running of a limitation, by analogy, to a statute in favor of a trustee, who has an estate in his possession that he holds in trust for his ward, at an earlier period than it would start the running of the analogous statute in favor of the bondsman, who has violated no trust.
If, as held by this court in the case of Newton v. Hammond, supra, it requires the filing and settling of an account to start the running of the statute of limitations against the bondsman, and if, as declared by this court in the case of Philips v. State, ex rel., supra, a limitation by analogy exists in favor of the guardian, then, continuing the analogy, it ought to require the same state of facts and conditions to put in operation the limitation which exists only by analogy that it requires to put in operation the limitation which is provided by statute and upon which the analogy is based.
*47 For these reasons we disapprove and decline to follow the holding of this court in the case of Philips v. State, ex rel., 5 Ohio St., 122, and hold that no limitation of time as to a citation of a guardian to file an account exists.

Judgment affirmed.

Matthias, Johnson and Wanamaker, JJ., concur.